No. 90-167

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 1991

JACK M. AND CAROLYN M. SCANLON,
GARY L. AND BEVERLY J. BECK, WILLIAM
INKRET, JR., M.D., P.C., PROFIT SHARING
TRUST, RICHARD AND MARY GRANBERG AND
RICHARD AND ROBERTA URWILLER,

Plaintiffs and Appellants,

-vs-

CABLE MOUNTAIN MINE, INC., a Nevada Corp.,
and MAGELLAN RESOURCES CORP., a Montana corp.,

Defendants and Respondents.

FILED

DEC 10 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Third Judicial District,
                In and for the County of Deer Lodge,
                The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

    Donald A. Garrity, Helena, Montana

    For Respondent:

        William M. Kebe, Jr.; Johnson, Skakles & Kebe,
        Butte, Montana
        Gary L. Walton; Poore, Roth & Robinson, Butte,
        Montana


Submitted on Briefs:    August 29, 1991

Decided:    December 10, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiffs appeal from various orders of the District Court of the Third Judicial District, Deer Lodge County, in favor of defendants Cable Mountain Mine, Inc., and Magellan Resources, Corp. We affirm.

The issues on appeal are:

1. Whether the District Court erred in failing to impose sanctions against Cable Mountain Mine Inc., and Magellan Resources Corp., pursuant to Rule 11, M.R.Civ.P.

2. Whether The District Court erred in determining that no joint venture existed between Cable Mountain Mine, Inc., and Magellan Resources Corp.

3. Whether the District Court erred in granting a directed verdict dismissing the claims of William Inkret, Jr., M.D. Profit Sharing Trust.

4. Whether the District Court erred in instructing the jury on laches at the request of the defendants.

5. Whether the District Court erred in refusing to instruct the jury on the language of § 82-2-221, MCA.

Cable Mountain Mine, Inc. (Cable), is a Nevada corporation qualified to transact business in Montana since June 22, 1987. Cable operates a gold recovery operation at a placer mine near Cable Creek under a State permit. Magellan Resources Corp. (Magellan), is a Montana corporation which owns patented and unpatented mining claims in the Southern Cross and Cable Mountain Mining Districts located in Deer Lodge County, Montana. At times pertinent to this lawsuit, Magellan conducted various methods of

exploration, including an active drilling program under an exploration permit from the State.

Jack M. and Carolyn M. Scanlon, William Inkret, Jr., M.D. P.C. Profit Sharing Trust, Richard and Mary Greenberg, and Richard and Roberta Urwiller are property owners in the Southern Cross area. Plaintiffs purchased their properties between 1972 and 1974. Plaintiffs' complaint alleged inverse condemnation, trespass, and nuisance.

A trial commenced on December 4, 1989. At the close of plaintiffs' case in chief the District Court granted a directed verdict in favor of Cable and Magellan on the joint venture issue, and dismissed the claims of William Inkret, Jr., M.D., P.C. Profit Sharing Trust. Subsequently, the jury rendered a verdict in favor of the defendants on the remaining issues. This appeal followed.

I

Whether the District Court erred in failing to impose sanctions against Cable and Magellan pursuant to Rule 11, M.R.Civ.P.

The standard of review in regard to findings of fact in Rule 11 cases is clearly erroneous. The District Court, having the feel of the case, will not be overturned unless its final judgment constitutes an abuse of discretion. D'Agostino v. Swanson (1990), 240 Mont. 435, 446, 784 P.2d 919, 926.

Plaintiffs maintain that Cable filed false answers to interrogatories regarding the alleged joint venture between Cable and Magellan. Further, plaintiffs allege that Cable answered falsely that the company was incorporated in 1984 when in fact it

was 1987. Plaintiffs also maintain that Cable refused to answer interrogatories regarding construction and maintenance of a road in the Southern Cross area.

In support of their position, plaintiffs produced a document at trial titled "Memorandum of Agreement". The document was executed by North Lily Mining Company and Joseph Aidlin personally and as president of Cable Mountain Mine, Inc. The document provided that North Lily reserved the right to transfer its rights and obligations to Magellan. No evidence was presented that this transfer ever took place, or that a joint venture between Cable and Magellan ever came into fruition.

At trial Joseph Aidlin testified that he did not incorporate Cable Mountain Mine, Inc. until March of 1987. Gary Walton, attorney for Cable, explained to the District Court that he did not know the March 1987 date until the night prior to Aidlin's testimony. Walton also argued that Cable did not refuse to answer the interrogatory but exercised its right to object. Plaintiffs subsequently filed a motion to compel which was denied. We conclude the District Court did not abuse its discretion when it declined to impose Rule 11 sanctions against Cable.

Plaintiffs maintain that Magellan also made false and misleading representations in their answers to interrogatories. Magellan alleged it had no discussions with Cable regarding a joint venture between the two companies. Plaintiffs produced an unexecuted "Memorandum Agreement" between North Lily Mining Company and Magellan. The document allowed Magellan to acquire 100% of North Lily's interest in the Aidlin/North Lily "Memorandum of

4

Agreement." Further, the document provided that a joint venture would be executed "as soon as practicable". The memorandum was never executed.

We conclude that the District Court was not clearly erroneous in its findings and did not abuse its discretion in declining to impose Rule 11 sanctions against Magellan.

## II

Whether the District Court erred in determining that no joint venture existed between Cable Mountain Mine, Inc., and Magellan Resources Corp.

As stated above, plaintiffs failed to produce evidence that a joint venture existed between Cable and Magellan. The standard of review for a directed verdict is whether a reasonable person could draw different conclusions from the evidence. If only one conclusion is reasonably proper, then the directed verdict is proper. Davis v. Sheriff (1988), 234 Mont. 126, 130, 762 P.2d 221, 223. The party opposing the motion must present substantial credible evidence to avoid a directed verdict. Davis at 129, 130, 762 P.2d at 224. The plaintiffs failed to provide evidence that a joint venture existed. Therefore, the District Court did not err in determining no joint venture existed between Cable and Magellan.

## III

Whether the District Court erred in granting a directed verdict dismissing the claims of William Inkret, Jr., M.D. Profit Sharing Trust.

The District Court found that the deeds presented at trial showed that William Inkret, Jr., M.D., P.C. Profit Sharing Trust

did not have an ownership interest in the property in question at the time of the alleged taking.

Plaintiffs allege defendants violated Rule 9(a) M.R.Civ.P., by not raising this defense in their answer. Plaintiffs did not make this argument in opposing the motion at trial. We conclude the District Court did not err in granting defendants' directed verdicts on the dismissal of Inkret's claims.

IV

Whether the District Court erred in instructing the jury on laches at the request of the defendants.

Plaintiffs' complaint alleged defendants' use of plaintiffs' alleged road constituted a taking of their property. Defendants maintained, and the District Court found, the road in question was a public road. Testimony presented at trial revealed that mining activity was present in the area in question historically, and, most recently, over the last ten years. Additional evidence showed that Magellan actively explored for minerals in October 1986. Cable applied for a mining permit in February of 1988. Plaintiffs did not comment on or oppose Cable's application during the comment period. The State issued the permit in July of 1988. Plaintiffs allege the date of the taking was in January of 1987. As stated above, the plaintiffs acquired their properties between 1972 and 1974.

These are sufficient facts to conclude the District Court did not err in giving defendants' instruction on laches.

V

Whether the District Court erred in refusing to instruct the

jury on the language of § 82-2-221, MCA.

Plaintiffs requested an instruction based on § 82-2-221, MCA, which provides in part that when the right of eminent domain is exercised for the purpose of open-pit mining, plaintiffs should purchase the property within 300 yards of the surface tract. No evidence was presented at trial that either Magellan or Cable was engaged in open-pit mining. Therefore, the District Court did not err in refusing this instruction.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as a precedent and shall be published by its filing as a public document with the Clerk of this Court and by report of its result to the West Publishing Company.

For the reasons stated above, we affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices